# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| JANE DOE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 18-260 (RC) |
| | : | | |
| v. | : | Re Document Nos.: | 6, 13, 17 |
| | : | | |
| KIPP DC SUPPORTING CORP., *et al.* | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND

## I. INTRODUCTION

Plaintiff Jane Doe, a survivor of sexual abuse as a middle and high school student between 2004 and 2009, initiated this case on February 2, 2018. Doe brings claims against her abuser, Alan Coleman; the two educational institutions that employed Coleman between 2004 and 2009 and allegedly knew of the abuse, Kipp DC Supporting Corporation ("Kipp DC") and Capital City Public Charter School, Inc. ("Capital City"); and the founder and then-principal of Kipp DC, Susan Ettinger. Doe also brings claims against ten unnamed agents and employees of Kipp DC and Capital City. Defendants have separately moved to dismiss and all argue that Doe's claims are barred by the statute of limitations. While the Court is sympathetic to Doe's plight, and more generally to the difficulties encountered by victims of sexual assault in obtaining civil relief for their injuries, it finds that Doe's claims are time-barred under D.C. law. The Court accordingly grants the motions to dismiss. Because Doe's motion to amend her complaint fails to comply with its Local Rules, the Court denies the motion without prejudice.

## II. BACKGROUND[1]

Doe began attending Kipp DC in 2000 or 2001, and was a student at the school until 2005. *See* Compl. ¶¶ 1, 20, ECF No. 4. She first came into contact with Coleman during the 2004-2005 school year, when Coleman became her eighth-grade science and history teacher. *Id.* ¶¶ 21, 28. After gaining her trust and confidence, Coleman began sexually assaulting Doe a few months after they met, in approximately November 2004. *See id.* ¶ 26. Coleman would go on to continuously abuse Doe for the remainder of the 2004-2005 school year, subjecting her to frequent sexual assault and humiliation. *See id.* Doe alleges that Ettinger and Kipp DC eventually came to suspect that Coleman was having inappropriate relations with her. *See id.* ¶ 33. She further alleges that these suspicions led Kipp DC to discontinue Coleman's contract at the end of the 2004-2005 school year. *Id.* ¶ 29. Coleman subsequently found employment with Capital City starting in the 2005-2006 school year. *Id.* According to Doe, while Ettinger informed a Capital City board member of her suspicions, neither she, Kipp DC, nor Capital City undertook to investigate Coleman or in any other way take action to protect Doe and stop the abuse. *See id.* ¶ 33.

After being promoted to the ninth grade at the end of the 2004-2005 school year, Doe left Kipp DC and began attending another school. *Id.* ¶ 28. However, Coleman's abuse continued. *See id.* ¶ 29. Doe's mother learned of the abuse during the 2005-2006 school year and reported Coleman's behavior to Capital City. *Id.* ¶ 31. According to Doe, Capital City failed to take any disciplinary action against Coleman. *Id.* In 2007, Coleman manipulated Doe into moving into his house, where they slept in the same room and bed. *See id.* ¶ 51. As a result, the frequency of

---

[1] On a motion to dismiss for failure to state a claim, the Court accepts as true the factual allegations in the complaint and construes them liberally in the Plaintiff's favor. *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

2

his assaults escalated. *See id.* ¶ 53. Doe turned eighteen in 2008. *See id.* ¶ 1. The relationship did not end until June 2009. *Id.* ¶ 26.

In February 2015, Doe began to realize the wrongfulness of Coleman's behavior. On February 20, 2015, she questioned Coleman on Facebook about whether their relationship had been wrongful and abusive. *Id.* ¶ 34. On February 25, 2015, she asked Coleman to resign from his teaching position at Capital City, where he was still employed. *Id.* After he failed to do so, Doe contacted Capital City herself. *Id.* While Capital City then proceeded to terminate Coleman, the school did not notify the authorities of his behavior. *Id.* The D.C. Metropolitan Police Department was not alerted to Coleman's conduct until April 2016, when a former Kipp DC teacher who Doe also told of the abuse reached out to the police. *See id.* ¶ 35. Coleman subsequently pled guilty to sexual abuse of a minor in Maryland state court and to first-degree sexual abuse in D.C. Superior Court. *See* Docket, *People v. Coleman*, No. 130514C (Md. Mongtomery Cty. Cir. Ct.); Docket, *United States v. Coleman*, 2016 CF1 011951 (D.C. Sup. Ct.).[2]

Doe filed her complaint in this case on February 2, 2018, bringing claims pursuant to 42 U.S.C. § 1983, Title IX, and for negligence *per se* against Kipp DC, Ettinger, and Capital City (collectively, the "School Defendants"), gross negligence claims against Ettinger, and claims for assault, battery, and intentional infliction of emotional distress ("IIED") against both Coleman and the School defendants.[3] *See* Compl. ¶¶ 58–160. Kipp DC and Ettinger (collectively, the

---

[2] The Court takes judicial notice of the docket for Coleman's related criminal cases. *See, e.g., Al-Aulaqi v. Panetta*, 35 F. Supp. 3d 56, 67 (D.D.C. 2014) ("A court may take judicial notice of facts contained in public records of other proceedings." (citing *Covad Commc'ns Co. v. Bell Atlantic Co.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005)).

[3] In her opposition to Coleman's motion to dismiss, Doe appears to argue that Coleman should also be liable on her Title IX, § 1983, and gross negligence claims. *See* Pl.'s Opp'n Coleman Mot. Dismiss at 4–7, 9, ECF No. 19. In her oppositions to the Kipp Defendants' and

3

"Kipp Defendants") filed a motion to dismiss for failure to state a claim on March 16, 2018, *see* Kipp Mot. Dismiss at 1, ECF No. 6, followed by Capital City on April 20, 2018, *see* Capital City Mot. Dismiss at 1, ECF No. 13, and Coleman on April 23, 2018, *see* Coleman Mot. Dismiss at 1, ECF No. 17. All three motions have been fully briefed.

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). A court considering such a motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor. *See, e.g., Philip Morris*, 116 F. Supp. 2d at 135.

"The statute of limitations is an affirmative defense, FRCP 8(c), and need not be negatived by the language of the complaint." *U.S. ex rel. Landis v. Tailwind Sports Corp.*, 51 F. Supp. 3d 9, 38 (D.D.C. 2014) (quoting *Jones v. Rogers Mem'l Hosp.*, 442 F.2d 773, 775 (D.C. Cir. 1971)). As a result, motions to dismiss based on a statute of limitations defense are generally disfavored, and the D.C. Circuit has "repeatedly held [that] courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." *Firestone v. Firestone*, 76 F.3d 1205, 1208–09 (D.C. Cir. 1996). In order for such a motion to be

---

Capital City's motions to dismiss, Doe similarly appears to argue that Kipp DC and Capital City should be liable on her gross negligence claim. *See* Pl.'s Opp'n to Kipp Mot. Dismiss at 7–8, ECF No. 11; Pl's Opp'n to Capital City Mot. Dismiss at 8, ECF No. 18. Because it dismisses all claims as time-barred, the Court does not address these issues.

4

granted, "the factual allegations in the complaint must clearly demonstrate all the elements of the statute of limitations defense *and* that the plaintiff has no viable response to the defense." *Landis*, 51 F. Supp. 3d at 38 (citing *Nader v. Democratic Nat'l Comm.*, 567 F.3d 692, 699–702 (D.C. Cir. 2009)); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (noting that a "complaint is subject to dismissal for failure to state a claim" when the allegations "show that relief is barred by the applicable statute of limitations").

## IV. ANALYSIS

In their respective motions to dismiss, Defendants all argue that Doe's claims are barred by the statute of limitations. *See* Kipp Mem. Supp. Mot. Dismiss, ECF No. 6; Capital City Mem. Supp. Mot. Dismiss, ECF No. 13-1; Coleman Mem. Supp. Mot. Dismiss, ECF No. 17. In her oppositions, Doe raises several arguments for why her claims are not time-barred, including application of the discovery rule, continuing violation of a duty to report, and equitable tolling. *See* Pl.'s Opp'n to Kipp Mot. Dismiss, ECF No. 11.[4] In her opposition to the Capital City motion to dismiss, Doe also moves in the alternative to amend the complaint. *See* Pl's Opp'n to Capital City Mot. Dismiss at 14, ECF No. 18. The Court first reviews the parties' arguments as to the Title IX, § 1983, and IIED claims, followed by their arguments as to Doe's negligence *per se* and gross negligence claims, and their arguments as to the assault and battery claims. Finally, the Court briefly addresses Doe's motion to amend the complaint. Because the Court finds that Doe's claims are time-barred as a matter of law and that the motion to amend fails to comply with its Local Rules, it grants the motions to dismiss and denies leave to amend the complaint.

---

[4] Doe brings substantially the same arguments regarding the applicability of the statute of limitations defense in her three oppositions. *See generally* Pl.'s Kipp Opp'n; Pl.'s Capital City Opp'n; Pl.'s Coleman Opp'n.

### A. Doe's Title IX, § 1983, and IIED Claims Are Time-Barred

First, the Defendants argue that the applicable statute of limitations has passed on Doe's Title IX, § 1983, and IIED claims. *See* Kipp Mem. Supp. at 6–11; Capital City Mem. Supp. at 6–7; Coleman Mem. Supp. at 5–6. Doe retorts that the discovery rule tolled the statute of limitations until she realized the wrongfulness of her relationship with Coleman, and therefore that all three claims are timely. *See, e.g.*, Pl.'s Kipp Opp'n at 3–6, 8–9. The Court disagrees and finds that, as a matter of law, the discovery rule is not applicable to this case. As a result, the statute of limitations began running on Doe's claims when she turned eighteen and her claims are untimely.

### *1. The Discovery Rule Does Not Apply*

Doe argues that her case "falls squarely with the discovery rule decisions in the District of Columbia," Pl.'s Kipp Opp'n at 4, because she alleges that she did not realize she was abused until February 2015. The Court disagrees. Because past D.C. Court of Appeals decisions and legislative history consistently suggest that the discovery rule should not be extended to situations where a victim of sexual abuse recalls that abuse but does not appreciate its wrongfulness, the Court declines to extend the discovery rule to Doe's claims.

As an initial matter, Doe's IIED claim is pursuant to D.C. law, and thus subject to D.C. tolling rules. As the School Defendants acknowledge, neither Title IX nor § 1983 provide for specific statutes of limitations. *See* Kipp Mem. Supp. at 3–4; Capital City Mem. Supp. at 6–7. Instead, "the appropriate statute of limitations for a § 1983 claim 'is that which the State provides for personal-injury torts.'" *Morris v. Carter Global Lee, Inc.*, 997 F. Supp. 2d 27, 35 (D.D.C. 2013) (quoting *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). For Title IX, "federal law requires applying the local statute of limitation for the most-analogous injury." *Mwabira-Simera*

*v. Howard Univ.*, 692 F. Supp. 2d 65, 71 (D.D.C. 2010) (citing *Wilson v. Garcia*, 471 U.S. 261, 275 (1985)). "When a federal cause of action borrows a state statute of limitations, 'coordinate tolling rules' are usually borrowed as well." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015) (quoting *Hardin v. Straub*, 490 U.S. 536, 539 (1989)); *see also Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 210 n.4 (3rd Cir. 2002) ("[W]here a court borrows a statute of limitations from state law, the court must also borrow from state law the relevant tolling principles." (citing *Hardin*, 490 U.S. at 539; *Bd. Of Regents of the Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 486 (1980)). Accordingly, Doe's Title IX and § 1983 claims are also subject to D.C. tolling rules.

Under D.C. law, a claim will generally "accrue[] for purposes of the statute of limitations at the time the injury actually occurs." *Colbert v. Georgetown Univ.*, 641 A.2d 469, 472 (D.C. 1994). However, "[w]here the relationship between the fact of injury and the alleged tortious conduct may be obscure," accrual of a claim is determined "by applying the 'discovery rule.'" *Id.* at 472–73 (quoting *Bussineau v. President & Dirs. of Georgetown Coll.*, 518 A.2d 423, 425–26 (D.C. 1986)). Under the discovery rule, a claim "does not accrue until the plaintiff, exercising due diligence, has 'discovered or reasonably should have discovered all of the essential elements of her possible cause of action, *i.e.*, duty, breach, causation and damages.'" *Farris v. Compton*, 652 A.2d 49, 54 (D.C. 1994) (quoting *Colbert*, 641 A.2d at 473). The D.C. Court of Appeals "has refused to validate broad application of the rule in [all] contexts, instead opting for consideration on a 'case by case basis.'" *Commonwealth Land Title Ins. Co. v. KCI Techs., Inc.*, 297 F. Supp. 3d 106, 111 (D.D.C. 2018) (quoting *Ehrenhaft v. Malcom Price, Inc.*, 483 A.2d 1192, 1204 (D.C. 1984)).

Here, Doe argues that the discovery rule applies to her claims because she did not realize her relationship with Coleman had been abusive until February 2015. Pl.'s Kipp Opp'n at 4–6. Doe relies primarily on *Farris*, in conjunction with past discovery rule cases. *See id.* In *Farris*, the plaintiffs alleged that they had been abused as children in the 1950s and 1960s and that the trauma had caused them to repress their memories of the abuse for several decades. *See Farris*, 652 A.2d at 52–53. After psychological evaluation and therapy, the plaintiffs had recovered their memories of the abuse in 1990 and had brought suit in 1991, more than twenty-five years after the abuse had allegedly ended. *See id.* The D.C. Court of Appeals held that the discovery rule applied to their claims—and that the claims were not time-barred—based on the considerations of "basic fairness" inherent to the discovery rule and in particular on the overarching principle that "no man may take advantage of his own wrong." *Id.* at 55.

The Court of Appeals in *Farris* noted that the case was different from the court's past discovery rule decisions, which had involved plaintiffs who alleged that they were not aware of their injuries. *See id.* The *Farris* Plaintiffs did not allege that they were unaware of the abuse or of its wrongfulness when it occurred, but rather that they had been contemporaneously aware and had then fully repressed their memories of that abuse, such that they had no recollection of the abuse for a significant portion of their lives. *See id.* The Court emphasized that its opinion extended applicability of the discovery rule specifically to situations involving a total repression of memories. *See id.* at 63–64. Doe recognizes this distinction, but argues that the D.C. Court of Appeals' past cases "had more often applied the discovery rule in cases where the victim was unaware of the abuse or its wrongfulness" and support extending the discovery rule to her claims. Pl.'s Kipp Opp'n at 4. The Court disagrees.

8

First, the D.C. Court of Appeals in *Farris*, while not ruling on the issue, gave some indication of its thoughts as to the applicability of the discovery rule when a sexual abuse victim recalls the facts of the abuse but does not understand its wrongfulness until much later. The court noted in a footnote to its opinion that there was

> Some apparent softness in the plaintiffs' allegations in regards to whether the repression of their memories was total or partial, and as to whether that repression extended to the fact that they were abused (rather than only to the plaintiffs' understanding of the wrongfulness of the abuse and of its effect upon their alleged problems as adults).

*Farris*, 652 A.2d at 63 n.24. It added that "[a]n overwhelming majority of the courts which have confronted the issue have held that the statute of limitations is not tolled in the absence of a claim that the plaintiffs, as adults, totally repressed their recollection of the *fact of the abuse.*" *Id.* (emphasis in original) (listing cases). *Farris*'s limited ruling, combined with the court's admonition that most other courts had declined to further extend the discovery rule, strongly suggest that the Court of Appeals would not have applied the discovery rule in Doe's circumstances, when she does not allege that she repressed the fact of the abuse, only that she did not recognize its wrongfulness.

The past discovery rule cases Doe cites in her opposition are easily distinguishable from *Farris*. Cases where D.C. courts have applied the discovery rule typically involve situations where "sophisticated professionals may take advantage of lay clients without the clients ever being aware of the wrong." *KCI Techs.*, 297 F. Supp. 3d at 111. Both *Colbert* and *Bussineau*, which Plaintiff cites to, Pl.'s Kipp DC Opp'n at 4, involved medical malpractice, *see Colbert*, 641 A.2d at 470; *Bussineau*, 518 A.2d at 424. The D.C. Court of Appeals has also applied the discovery rule to situations involving legal malpractice, *e.g. Weisberg v. Williams, Connolly & Califano*, 390 A.2d 992, 995 (D.C. 1978), and defects in the design and construction of a home,

9

*Ehrenhaft*, 483 A.2d at 1194–96.  This case does not involve such a situation.  Instead, Doe seeks to extend the holding of *Farris* beyond the specific set of facts considered by the court.  Without a clear mandate from the D.C. Court of Appeals, this Court is unwilling to do so.

Finally, the legislative history behind the 2009 IntraFamily Offenses Act, which amended the statute of limitations applicable to claims relating to sexual abuse of a minor, further suggests that the discovery rule should not apply to Doe's situation.  The IntraFamily Offenses Act amended D.C. Code § 12-301, which, *inter alia*, provides the limitations period for bringing civil claims relating to sexual abuse.  Under the old statute, all claims relating to sexual abuse would fall in the catch-all category of § 12-301(8), which provides for a 3-year limitations period.  *See* D.C. Code § 12-301(8).  The amended statute added a new subsection, § 12-301(11), which specifically applies to claims "arising out of sexual abuse that occurred while the victim was a minor."  D.C. Code § 12-301(11).  For such claims, the new limitations period is the later of seven years from the victim's eighteenth birthday or three years from "when the victim knew, or reasonably should have known, of any act constituting abuse."  *Id.*

In its report to the D.C. Council on the bill amending the statute, the council's Committee on Public Safety and the Judiciary explained that it had determined the seven-year period to be fair in light of "the law in other jurisdictions" and "[g]iven the nature of the behavior and its effects."  Comm. On Pub. Safety and the Judiciary, Report on Bill 17-55, the "IntraFamily Offenses Act of 2008" at 5 (D.C. 2008), http://lims.dccouncil.us/Download/18480/B17-0055-CommitteeReport1.pdf.  The committee also explained that the alternative three-year period was intended to essentially codify the discovery rule announced in *Farris*, by "leav[ing] unchanged the current law in the District of Columbia that gives a plaintiff three years from when he or she knew or should have known of . . . [the] abuse."  *Id.*  The Committee indicated its understanding

10

that, pursuant to *Farris*, the discovery rule could only apply "where a plaintiff has alleged *total repression of any recollection* of sexual abuse," *id.* (emphasis in original) (quoting *Farris*, 652 A.2d at 59), and thus that "[a]n allegation that the plaintiff did not appreciate 'the wrongfulness of the abuse and . . . its effect' upon the plaintiff is not enough to extend the statute of limitations," *id.* at 6 (omission in original) (quoting *Farris*, 652 A.2d at 63 n.24).

To be sure, the discovery rule is a judge-made tool and the committee's interpretation of *Farris* is not law. Nonetheless, the discovery rule, "guided by considerations of basic fairness," relies on the notion that "the legislature should not be presumed to have intended to deny a plaintiff who did not know . . . of her injury at the time that it occurred[] her day in court." *Farris*, 652 A.2d at 56. Through the 2009 amendment, the legislature here has made clear that it did not intend for Doe's sexual abuse claims to benefit from limitations tolling. The Court accordingly declines to apply the discovery rule to Doe's claims.

### 2. Doe's Claims are Time-Barred

The parties dispute which statute of limitations applies to Doe's claims. Because the discovery rule does not toll Doe's claims until she realized the wrongfulness of her abuse in 2015, the Court finds that the claims are time-barred regardless of which statutory provision applies.

As discussed in Part IV.A.1. above, Title IX and § 1983 do not provide for specific statutes of limitations. Instead, "the appropriate statute of limitations for a § 1983 claim 'is that which the State provides for personal-injury torts,'" *Morris*, 997 F. Supp. 2d at 35 (quoting *Wallace*, 549 U.S. at 387), and for Title IX "federal law requires applying the local statute of limitation for the most-analogous injury," *Mwabira-Simera*, 692 F. Supp. 2d at 71, which the School Defendants contend is also personal injury here, Kipp Mem. Supp. at 3; Capital City

11

Mem. Supp. at 6–7.  Accordingly, the School Defendants argue that the appropriate statute of limitations on the Title IX and § 1983 constitutional claims is three years, as provided by the catch-all limitations period in D.C. Code § 12-301(8).  By contrast, Doe argues that her claims are covered by § 12-301(11), which provides for a limitations period of seven years from the victim's eighteenth birthday when the discovery rule does not apply.

The Court need not decide which statutory provision applies because either way, Doe's Title IX and § 1983 constitutional claims are time-barred.[5]  When two or more defendants are closely connected, such as in a superior-subordinate relationship, the D.C. Court of Appeals has held that a plaintiff's knowledge of misconduct by one defendant places her on notice of claims against the connected potential co-defendants.  *See Cevenini v. Archbishop of Washington*, 707 A.2d 768, 773 (D.C. 1998) (citing *Diamond v. Davis*, 680 A.2d 364, 380 (D.C. 1996) (Ruiz, J., concurring in part and dissenting in part)).  Here, Doe was on notice of her claims against both Coleman and the School Defendants at the latest at the end of 2005, when Kipp DC and Capital City had failed to stop the abuse or otherwise investigate Coleman.  If § 12-301(8) applies, the statute of limitations did not begin to run until Doe's eighteenth birthday because the abuse occurred when she was a minor.  *See* D.C. Code § 12-302(a).  Doe turned eighteen at some point in 2008.  *See* Compl. ¶ 1.  At most, the limitations period thus expired in late 2011, and Doe's claims are time-barred.  If § 12-301(11) applies, the limitations period extended to seven years past Doe's eighteenth birthday, or late 2015.  Again, the claims are time-barred.

---

[5] The Court notes that, Defendants' arguments notwithstanding, the plain language of § 12-301(11) strongly suggests that the statutory provision applies to Doe's claims.  The provision applies to claims that "aris[e] out of sexual abuse that occurred while the victim was a minor," D.C. Code § 12-301(11), and all of Doe's claims directly stem from her abuse by Coleman, including her claims against the School Defendants.

The same reasoning applies as to Doe's IIED claim. The Kipp Defendants argue that Doe's IIED claim is intertwined with her assault and battery claims, and thus subject to a one-year limitations period under D.C. Code § 12-301(4). Kipp Mem. Supp. at 5. If this is the case, the statute of limitations began running when Doe turned eighteen in 2008 and the limitations period expired in 2009, so Doe's claims are time barred. If, as Doe alleges, the IIED claim is "intertwined with her claims in Counts I, II, III, IV, and V" and the three-year limitations period of § 12-301(8) applies, Pl.'s Kipp Opp'n at 9, the limitations period extended to 2011 and Doe's claims are still time-barred. And finally, even if D.C. Code § 12-301(11) is applicable to the IIED claim, the limitations period was only extended to seven years past Doe's eighteenth birthday, or 2015, and the IIED claim is again time-barred.

### B. Doe's Negligence *Per Se* and Gross Negligence Claims are Time-Barred

Next, Doe brought two negligence *per se* claims against the School Defendants, premised respectively on violations of D.C. Code § 22-3001 and § 22-3008 and on a violation of D.C. Code § 4-1321.02(a), *see* Compl. ¶¶ 91–112, as well as a separate gross negligence claim against Ettinger, *see id.* ¶¶ 113–129. The School Defendants move to dismiss the claims as time-barred because all three were subject to a three-year statute of limitations. *See* Kipp Mem. Supp. at 4; Capital City Mem. Supp. at 7. Doe asserts in response that the discovery rule tolled the statute of limitations and that the School Defendants' continuing failure to comply with the mandatory reporting requirements of § 22-3001, § 22-3008, and § 4.1321.02(a) means the time limit for filing the negligence *per se* claims was never exhausted. *See* Pl.'s Kipp Opp'n at 6–7. In her opposition to the Kipp Defendants' motion, Doe also asserts that the same reporting

requirements tolled the statute of limitations on her gross negligence claims against Ettinger.[6] *See id.* As discussed above in Part IV.A.1., the Court finds that the discovery rule does not apply to Doe's claims. The Court also finds Doe's reporting requirements argument unavailing, and it accordingly dismisses the negligence *per se* and gross negligence claims as time-barred.

### 1. Mandatory Reporting Requirements Did Not Extend the Limitations Period

Doe contends that the negligence per se and gross negligence claims are timely because of the School Defendants' continuing failure to comply with mandatory reporting requirements under D.C. Code § 22-3001, § 22-3008, and § 4-1321.02(a). The School Defendants respond that § 22-3001 and § 22-3008 do not create a duty to report, and that their failure to comply with § 4-1321.02(a) does not constitute a continuing tort that would allow Doe to defeat the statute of limitations. *See* Kipp Reply at 7–9, ECF No. 16; Capital City Mem. Supp. at 11–12.[7] The Court agrees.

First, as the Kipp Defendants argue in their reply, *see* Kipp Reply at 8–9, and Capital City in its motion, *see* Capital City Mem. Supp. at 12, D.C. Code § 22-3001 and § 22-3008

---

[6] The Kipp Defendants point out in their reply that Doe's complaint does not indicate her gross negligence claim to be premised on a duty to report, but rather on the duty to supervise. *See* Kipp Reply at 12, ECF No. 16. They argue that "a plaintiff cannot add new allegations to a complaint in an opposition to a motion to dismiss" and that the Court should accordingly reject Doe's continuing duty argument as to her gross negligence claim. *Id.* While the Court agrees, it does not elaborate on the issue further because Doe's continuous duty argument would fail even if she was able to assert it.

[7] The Kipp Defendants separately argue in their reply that § 4-1321.02(a) also did not create a duty for Kipp DC or Ettinger to report Doe's abuse. *See* Kipp Reply at 9–11. They note that before 2007, the statute only imposed an obligation to report suspected abuse by parents, guardians, or caretakers, and that following a 2007 amendment the revised section only imposes a duty to report suspected abuse of a child "known to [the reporter] in his or her professional or official capacity." *Id.* at 11 (quoting D.C. Code § 4-1321.02(a)). The Kipp Defendants point out that by 2007 Doe was no longer enrolled at Kipp DC, and thus not known to them in a professional or official capacity. The Court does not address this argument because even assuming that D.C. Code § 4-1321.02(a) created a duty to report, such a duty could not form the basis for the continuing tort Doe alleges.

14

together codify the offense of first degree child sexual abuse and do not appear to create any duty to report allegations of sexual abuse. Doe fails to address the argument in its opposition to Capital City's motion to dismiss, and the Court is not aware of any law supporting her contention that these provisions create a mandatory reporting requirement for the School Defendants. The Court accordingly rejects Doe's continuing duty argument as to the negligence *per se* claim based on violations of § 22-3001 and § 22-3008, and as to the gross negligence claim to the extent it is premised upon violations of § 22-3001 and § 22-3008.

Second, while Doe does not cite any law in her opposition, she appears to be invoking the continuing tort doctrine when she argues that her negligence claims arising from the School Defendants' failure to comply with their duty to report under § 4-1321.02(a) are not time-barred. The School Defendants both argue that the continuing tort doctrine should not apply. *See* Kipp Reply at 8 n.5; Capital City Reply at 5, ECF No. 20. The Court finds that Doe was on notice of her claims in 2009 at the latest and thus that the continuing tort doctrine does not toll the statute of limitations.

Under D.C. law, "a plaintiff establishes a continuing tort by showing '(1) a continuous and repetitious wrong, (2) with damages flowing from the act as a whole rather than from each individual act, and (3) at least one injurious act within the limitation period.'" *Whelan v. Abell*, 953 F.2d 663, 673 (D.C. Cir. 1992) (quoting *DeKine v. District of Columbia*, 422 A.2d 981, 988 n.16 (D.C. 1980)). "The concept is allied with the discovery rule," and damages caused by conduct occurring outside of the statute of limitations can only be recovered when "the continuing tort has a cumulative effect, *such that the injury might not have come about but for the entire course of conduct*." *Beard v. Edmondson & Gallagher*, 790 A.2d 541, 548 (D.C. 2002) (emphasis in original) (quoting *John McShain, Inc. v. L'Enfant Plaza Props., Inc.*, 402

A.2d 1222, 1231 n.20 (D.C. 1979)). Importantly here, "once the plaintiff has been placed on notice of an injury and the role of the defendants' wrongful conduct in causing it, the policy disfavoring stale claims makes application of the 'continuous tort' doctrine inappropriate." *Hendel v. World Plan Exec. Council*, 705 A.2d 656, 667 (D.C. 1997).

Doe argues that the School Defendants had a "continuous duty to report . . . Coleman's abuse" under D.C. Code 4-1321.02(a), that they "never fulfilled that duty"—or alternatively that the duty terminated in 2016 when Coleman was arrested—and consequently that the statute of limitations on her negligence *per se* and gross negligence claims premised on § 4-1321.02(a) began to run in 2016 at the earliest. Pl.'s Kipp Opp'n at 7. The Court finds this argument unavailing. As an initial matter, the D.C. Court of Appeals has emphasized that the continuous tort doctrine is intended to apply to situations where a tort causes continuing and cumulative harm. Here, it is unclear what harm to Doe the School Defendants' failure to report Coleman caused once the abuse ended, between 2009 and 2016. More importantly, as the Defendants point out and as discussed above in Part IV.A.1., Doe was on notice of her claims at the time of the abuse because her negligence claims "accrue[d] for purposes of the statute of limitations at the time the injury actually occur[ed]." *Colbert*, 641 A.2d at 472. Because the continuous tort doctrine "is allied with the discovery rule," *Beard*, 790 A.2d at 548, and applying the doctrine is inappropriate when a plaintiff is on notice of her injuries, *see Hendel*, 705 A.2d at 667, the Court finds that the doctrine does not operate to toll Doe's negligence claims premised on violation of a duty to report under § 4-1321.02(a).[8]

---

[8] The Court also notes that the Iowa Court of Appeals addressed a mandatory reporting statute under similar circumstances in *S.O. ex rel. J.O. Sr. v. Carlisle School Dist.*, 766 N.W.2d 648, 2009 WL 605994, at *1 (Iowa Ct. App. Mar. 11, 2009) (unpublished table decision), and explicitly rejected the application of the continuous tort doctrine. *See id.* at *4–5. *S.O.* involved a reporting statute that created civil liability for failing to report suspected child abuse within

16

*2. Doe's Negligence* Per Se *and Gross Negligence Claims are Time-Barred*

Absent any tolling of the limitations period, the Court finds that Doe's negligence *per se* and gross negligence claims are time-barred. The School Defendants argue that Doe's negligence claims are all subject to the catch-all three-year statute of limitations under § 12-301(8). *See* Kipp Mem. Supp. at 4; Capital City Mem. Supp. at 7. Doe does not challenge the applicability of § 12-301(8) to the negligence *per se* claims, and makes no arguments as to gross negligence. *See* Pl.'s Kipp Opp'n at 6–8. As discussed above in Part IV.A.2., although Doe was on notice of her claims at the time of the abuse, the statute of limitations did not begin to run until Doe's eighteenth birthday because the abuse occurred when she was a minor. *See* D.C. Code § 12-302(a). Doe turned eighteen in 2008, *see* Compl. ¶ 1, and the three-year limitations period on her negligence claims expired in late 2011.[9] Doe's claims are therefore time-barred.

### C. Doe's Assault and Battery Claims Are Time-Barred

Finally, all Defendants move to dismiss Doe's assault and battery claims as barred by a one-year statute of limitations. *See* Kipp Mem. Supp. at 11; Capital City Mem. Supp. at 7; Coleman Mem. Supp. at 5. Doe does not challenge the applicability of the one-year statute of

---

twenty-four hours. *See id.* at *4. To defeat the statute of limitations on their failure to report claim against the school district, the plaintiffs had alleged that the failure to report was a continuing tort. *See id.* at *1–2. The lower court found that, pursuant to the statute, a mandatory reporter's failure to report abuse created a single wrongful act that became actionable once twenty-four hours had passed. *See id.* at *4. The Court of Appeals agreed and explained that the continuous tort doctrine could not apply because there was "a single act of omission, even if plaintiff's injury [was] continuing in nature." *Id.* at *5. Given that D.C. Code § 4-1321.02(a) is less permissive than the Iowa statute and requires "*immediately* report[ing] . . . knowledge or suspicion" of sexual abuse, D.C. Code § 4-1321.02(a) (emphasis added), the Court questions whether it is possible for failure to comply with the statute to form a continuing tort that is actionable for an indefinite period of time beyond an immediate period of time.

[9] As with Doe's claims discussed above in Part IV.A.2, even if the negligence claims fell under the umbrella of § 12-301(11), the limitations period would only extend to seven years past Doe's eighteenth birthday, or late 2015. Even under that statutory provision, Doe's claims are still time-barred.

limitations; rather, she argues that the limitations period should be tolled pursuant to the discovery rule or to equitable tolling. As discussed above in Part IV.A.1., the Court finds that the discovery rule does not apply to Doe's claims. Because the Court finds that equitable tolling also does not apply, it dismisses the assault and battery claims as untimely.

As a general rule, "District of Columbia law does not recognize an equitable tolling exception to the statute of limitations." *Nattah v. Bush*, 770 F. Supp. 2d 193, 208 (D.D.C. 2011) (quoting *Johnson v. Marcheta Invs. Ltd. P'ship*, 711 A.2d 109, 112 (D.C. 1998)); *see also East v. Graphic Arts Indus. Joint Pension Tr.*, 718 A.2d 153, 156 (D.C. 1998) ("[R]ejection of the application of equitable tolling . . . rests on the belief that where the legislature has provided no savings statute, courts would exceed their prescribed role by providing a remedy." (quoting *Sayyad v. Fawzi*, 674 A.2d 905, 906 (D.C. 1996))). As the D.C. Court of Appeals noted in *Graphic Arts*, D.C. only recognizes "two limited exceptions to [its] generally strict application of statutes of limitations: the lulling doctrine and the discovery rule." 718 A.2d at 156. The Court has already rejected the applicability of the discovery rule to this case. And the lulling doctrine tolls the statute of limitations only when a defendant "has done anything that would tend to lull the plaintiff into inaction, and thereby permit the limitation prescribed by the statute to run." *Id.* at 156–57 (quoting *Bond v. Serano*, 566 A.2d 47, 50 (D.C. 1989). Nothing of the sort is alleged here, so that doctrine is also inapplicable. "[F]ederal courts cannot apply the doctrine of equitable tolling differently than would the District of Columbia courts," *Nattah*, 770 F. Supp. 2d at 208 (alteration in original) (quoting *Williams v. District of Columbia*, 916 F. Supp. 1, 5 (D.D.C. 1996)). The Court accordingly rejects Doe's equitable tolling argument and dismisses her assault and battery claims as untimely.

18

### D. The Court Denies Doe's Motion to Amend the Complaint

In her opposition to Capital City's motion to dismiss, Doe moves in the alternative to amend the complaint, noting that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Pl.'s Capital City Opp'n at 14 (second alteration in original) (quoting Fed R. Civ. P. 15(a)(2)). The Court denies the motion for failure to comply with the Local Rules. Under Local Rules 7(i) and 15.1, "a motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended." D.D.C. R. 7(i), 15.1. Courts in this circuit have routinely denied motions for leave to amend that fail to comply with these Local Rules. *See, e.g.*, *Brown v. Potomac Elec. Power Co.*, 306 F. Supp. 3d 194, 202 (D.D.C. 2018); *Townsend v. United States*, 282 F. Supp. 3d 118, 124 n.2 (D.D.C. 2017). Because Doe failed to include the proposed amendments in her motion to amend, the Court accordingly denies the motion.

### V. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (ECF Nos. 6, 13, 17) are **GRANTED**, Plaintiff's motion to amend (ECF No. 18) is **DENIED WITHOUT PREJUDICE**, and this case is **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: January 3, 2019                                             RUDOLPH CONTRERAS
                                                                                                                                           United States District Judge